# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

LORI ESTES,

        Plaintiff,

v.                                                    Case No. 5:24-cv-438-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Lori Estes ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "spine and back issues, compressive neuropathy, hypertension, acid reflux, migraines, asthma, depression, and anxiety." Transcript of Administrative Proceedings (Doc. No.

---

[1] Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

12; "Tr." or "administrative transcript"), filed October 17, 2024, at 71, 80; see Tr. at 91, 100, 233, 338.

On April 29, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of October 19, 2020. Tr. at 234-38 (DIB), 240-48, 239 (SSI).[3] The applications were denied initially, Tr. at 80-88, 89, 117-20 (DIB); Tr. at 71-79, 90, 122-25 (SSI), and upon reconsideration, Tr. at 91-99, 109, 129-31 (DIB); Tr. at 100-08, 110, 133-35 (SSI).

On November 21, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 43-70.[4] Following the hearing, the ALJ sent vocational interrogatories to the VE, and the responses were exhibited. Tr. at 424-37. On April 22, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 11-29.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. Tr. at 5-6 (Appeals Council exhibit list and order), 224-25, 228 (request for review), 229-30 (brief). On June 26, 2024, the Appeals Council denied Plaintiff's request for review, Tr.

---

[3] The applications are duplicated—and also multiple different versions appear—in the administrative transcript. Citations are to the first DIB and SSI applications appearing.

[4] The hearing was held via telephone with Plaintiff's consent. Tr. at 45-46, 164, 214.

at 1-4, making the ALJ's Decision the final decision of the Commissioner. On August 20, 2024, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in 1) making step four and five findings that are contrary to law after "omit[ting] mental limitations from the [residual functional capacity ('RFC')], contrary to his own findings that identify at least mild mental limitations," and 2) "failing to account for the 'total limiting effects' of Plaintiff's impairments." Plaintiff's Brief – Social Security (Doc. No. 14; "Pl.'s Br."), filed November 14, 2024, at 1 (emphasis and capitalization omitted). On December 3, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") addressing Plaintiff's arguments. Then, on December 16, 2024, Plaintiff's Reply Brief – Social Security (Doc. No. 17; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 14-29. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 19, 2020, the alleged onset date." Tr. at 14. At step two, the ALJ found that Plaintiff "has the following severe impairments: disc bulges

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

in cervical and lumbar spine, interstitial pulmonary disease, sleep apnea, and obesity." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 16 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except [she] can occasionally climb ramps and stairs and can never climb ladders, ropes, and scaffolds. She can frequently balance, and can occasionally stoop, kneel, crouch, and crawl. She can occasionally reach overhead bilaterally. She can perform work that occasionally requires exposure to hazards such as unprotected heights and moving machine parts, and to pulmonary irritants such as dusts, fumes, odors, gases, and poor ventilation.

Tr. at 17 (emphasis and citation omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is capable of performing past relevant work as a Phlebotomist, [a] Medical Assistant, [an] Underwriter[,] and [an] Instructor, Vocational Training." Tr. at 26 (some emphasis and citation omitted). The ALJ then made alternative findings at the fifth and final step of the sequential inquiry. Tr. at 27-28. After considering Plaintiff's age ("56 years old , which is defined as an individual of advanced age, on the alleged disability onset date" with a "subsequently changed age category to closely approaching retirement age"),

5

education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," Tr. at 27, such as "Cardiac Monitor Technician," Tr. at 28 (citations omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October 19, 2020, through the date of th[e D]ecision." Tr. at 29 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to

reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff initially argues the ALJ erred at steps four and five in omitting mental limitations from the RFC despite finding that Plaintiff has mild limitations in the four broad mental functioning areas. Pl.'s Br. at 1, 4-10; Reply 1-5. Next, Plaintiff contends the ALJ failed to account for the 'total limiting effects' of her conditions—particularly as it relates to her subjective complaints of pain and other limitations. Pl.'s Br. at 1, 11-19. Responding, Defendant asserts the ALJ was not obligated to include mental limitations in the RFC given the finding that mental issues were non-severe and given the overall evidence. Def.'s Mem. at 8-12. Defendant further argues the ALJ's ultimate RFC finding is support by substantial evidence. Id. at 12-18. The issues are addressed together.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R.

7

§ 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must

9

consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[6] "Because section

---

[6] Plaintiff filed her applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

10

404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same,

11

[the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[7]

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any

---

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

12

> measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Here, the ALJ recognized diagnoses of "depression and anxiety" but determined that "singly and in combination, [they] do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore non-severe." Tr. at 14. Then, the ALJ assessed the broad areas of mental functioning set forth in the Regulations and 20 C.F.R. Part 404, Subpart P, Appendix 1, and found Plaintiff has mild restriction in understanding, remembering, or applying information; mild restriction in interacting with others; mild restriction in concentrating, persisting, or maintaining pace; and mild restriction in adapting or managing oneself. Tr. at 14.

13

The ALJ discussed in detail the consultative evaluation performed by Linda Bojarski, Psy.D. on December 27, 2021. Tr. at 14-15; see Tr. at 563-66 (Dr. Bojarski's report). The ALJ did note that Dr. Bojarski diagnosed "major depressive disorder, recurrent moderate and generalized anxiety disorder," Tr. at 15 (citation omitted), but the ALJ observed that Dr. Bojarski did not "provide an opinion specifically regarding [Plaintiff's] ability to function in the 'B' criteria domains." Tr. at 15. Nevertheless, the ALJ found "the clinical findings appear to be unremarkable, indicating [Plaintiff] has no more than mild limitations . . . with regard to mental health functional abilities" and "there is no evidence [Plaintiff] has had any professional mental health treatment during the relevant period or that any physician has recommended [Plaintiff] have in-patient treatment or intensive outpatient treatment." Tr. at 15.

Later, when addressing the medical evidence and assessing the RFC, the ALJ recognized Plaintiff's allegation that she was unable to work, in part, because of the depression and anxiety, and her testimony that she had been taking anti-depressants and anti-anxiety medications since 2002. Tr. at 17-18. The ALJ also referenced treatment records "not[ing Plaintiff's] depression and anxiety were well controlled with medication." Tr. at 18 (citing Ex. 2F/25, located at Tr. at 510); see also Tr. at 19-20 (ALJ discussing medical evidence, including notes about depression and anxiety).

14

As to Plaintiff's subjective complaints, the ALJ found the "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 18. Ultimately, the ALJ found Plaintiff's "medication has been generally effective in controlling [her] symptoms" and contrasted "daily activities," in part, with her testimony. Tr. at 24. The ALJ also relied in part on state-agency evaluators who opined Plaintiff's "mental impairments were non-severe," Tr. at 25; see Tr. at 74-75, 83-84, 93-95, 102-04, and on "Dr. Bojarski's findings of unremarkable . . . mental symptoms," Tr. at 26; see Tr. at 563-66.

When assessing Plaintiff's RFC, the ALJ declined to include mental limitations. Tr. at 17. Having made all of the findings particularly regarding Plaintiff's mental symptoms at later steps, the ALJ was not obligated to include any mental limitations in the RFC. This case is distinguishable from Schink, upon which Plaintiff relies (among others that are not binding), see Pl.'s Br. at 10, because in that case, the ALJ made no mention in the RFC discussion of considering Plaintiff's mental impairments. See Schink, 935 F.3d at 1268-70; see also Arce v. Comm'r of Soc. Sec., 2024 WL 36061, at *2 n.1 (11th Cir. 2024). By contrast, here, the ALJ's Decision makes clear that he explicitly considered Plaintiff's mental impairments at later steps and (implicitly) found that mental

15

imitations were unwarranted. See Prude v. Comm'r, Soc. Sec. Admin., No. 23-14198, 2024 WL 5103664, at *4 (11th Cir. 2024) (distinguishing Schink and Arce). This conclusion is supported by substantial evidence.

Moreover, the ALJ sufficiently accounted for the 'total limiting effects' of Plaintiff's impairments in crafting the RFC. See 20 C.F.R. § 404.1545(e). The ALJ considered the relevant factors in weighing her testimony about how her impairments affect her. See Tr. at 17-26. Other than the alleged mental limitations, Plaintiff specifically challenges the ALJ's findings regarding her ability to use her upper extremities for reaching, handling, and fingering in light of her cervical spondylosis and bilateral carpal tunnel syndrome. Pl.'s Br. at 15. But, the ALJ relied in part on non-examining state-agency medical consultants and a December 2021 consultative examination by Jose Diaz, M.D. to make such findings, Tr. at 25-26; see Tr. at 75-77, 81-86, 93-97, 102-06, 549-61, along with evaluating the rest of the medical evidence.[8] Plaintiff does not point to any more restrictive findings in the administrative transcript. Finally, Plaintiff argues the ALJ erred in failing to address her exemplary work history. Pl.'s Br. at 17-18. However, the ALJ offered several reasons for finding the

---

[8] Plaintiff contends the consultative examination "fails to support [the ALJ's] findings" because it was performed more than two years prior to the ALJ's Decision. Pl.'s Br. at 17. But, the ALJ's Decision makes clear that he considered all of the evidence, including evidence that "the evaluators failed to fully account for," when addressing Plaintiff's RFC. Tr. at 25.

16

alleged severity of her symptoms were not entirely consistent with the evidence, and those findings are supported by substantial evidence.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 19, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record